RECEIVED DEC 21 2007 U.S.D.C. S.D. N.Y. CASHIERS

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

MONIQUE HARRISON,

                Plaintiff,

       -against-

THE CITY OF NEW YORK, RIVERBAY
CORPORATION, and "JOHN/JANE DOES #1-5"
believed to be members of the NEW YORK
CITY POLICE DEPARTMENT and/or
RIVERBAY CORPORATION,

               Defendants.

--------------X

**JUDGE SAND**

**07 CV 11468**

**COMPLAINT**

**PLAINTIFF HEREBY
DEMANDS A JURY TRIAL**

Plaintiff, Monique Harrison, by her attorneys, Reibman & Weiner, states as follows, upon information and belief:

### PARTIES, VENUE and JURISDICTION

1    At all times hereinafter mentioned plaintiff, an adult black female, was a resident of Bronx County, and the City and State of New York.

2.    At all relevant times hereinafter mentioned, defendant City of New York ("New York City"), was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York and acts by and through its agencies, employees and agents, including, but not limited to, the New York City Police Department ("NYPD") and its employees.

3.    At all relevant times hereinafter mentioned, defendant RiverBay Corporation ("RiverBay"), was and is a domestic corporation duly organized and existing under

and by virtue of the laws of the State of New York and acts by and through its agencies, employees and agents.

4. At all times hereinafter mentioned, the defendants, "John/Jane Does #1-5" (collectively referred to herein as the "individual defendants") were officers, detectives, sergeants, or otherwise members of the NYPD, or were otherwise employed by RiverBay as law enforcement officers deputized by New York City, and were state actors performing their duties under color of law.

5. This Court has jurisdiction of this action pursuant to 28 U.S.C. §§ 1331, 1343 and 1367, and 42 U.S.C. § 1983.

6. Venue is properly laid, pursuant to 28 U.S.C. Section 1391, et seq. in the Eastern District of New York, where the plaintiff and defendant City of New York reside.

7. That plaintiff timely served a Notice of Claim on the municipal defendant.

8. At least thirty days have elapsed since service of plaintiff's Notice of Claim, and adjustment and payment thereof has been neglected or refused.

9. That the within action has been initiated within one year and ninety days of the happening of the events of which plaintiff complains.

## RELEVANT FACTS

10. Plaintiff, at all relevant times herein, resided at 120 Alcott Place, Bronx County, New York, which is part of a housing complex known as "Co-op City", which is owned, operated, or otherwise managed and supervised by defendant RiverBay (the "Premises").

11. During the afternoon of July 6, 2007, at or around 1:30 p.m., employees of

defendants City of New York and RiverBay, identified herein as John Doe defendants, forcibly entered the Premises.

12. The RiverBay employees were acting in their capacity as private law enforcement officers, deputized, or otherwise sanctioned to act as police officers by the municipal defendant.

13. The plaintiff was not at home at the time of the entry, nor was any other person present at the Premises.

The defendants did not have a warrant to enter the Premises, and did not seek nor have the permission or consent of plaintiff, or any other person authorized to give consent, to enter the Premises.

15. There were no exigent circumstances present that would legally justify the defendants' entry into the Premises, nor could the defendants have reasonably believed that such exigent circumstances existed.

16. Notwithstanding the absence of any legal basis to enter the Premises, the defendants deliberately and intentionally forced their way into plaintiff's home by first seeking to enter through the door, and then breaking through an external wall of the Premises, causing physical damage thereto.

Once in the home, the defendants ransacked the home and searched through plaintiff's private possessions and belongings.

18. During the course of their search, the defendants learned that plaintiff is a New York State Court Officer.

19. The defendants then communicated, and caused to be communicated, allegations that plaintiff was in possession of duplicate badges, and that one or more of her

uniforms and badges had been recovered by the defendants. These allegations were materially false, and defendants knew them to be false.

20. At no time did plaintiff have or own duplicate badges or shields, nor did she ever lose her badge, shield or uniform.

21 The allegations made by defendants would, if true, have provided a basis for plaintiff to be terminated from her job as a court officer.

22. At all times hereinafter mentioned the municipal defendant, the City of New York, its agents, employees and servants, including but not limited to the aforementioned individual defendants, acted under color of the statutes, customs, ordinances and usage of the City and State of New York.

## FIRST CAUSE OF ACTION

23. Plaintiff repeats the allegations contained in paragraphs "1" through "22" above as though stated fully herein.

24. Defendants willfully and intentionally entered and searched plaintiff's home without any legal basis to do so and without a reasonable basis to believe legal cause or justification existed.

25. Defendants willfully and intentionally made false representations of material fact to defendants' employer, or which they reasonably knew or should have known would be communicated to plaintiff's employer, that would jeopardize her employment thereby, and which impugned her actions and abilities as a court officer.

26. Defendants, individually and collectively, violated, conspired to violate,

4

and aided and abetted in the violation of plaintiff's rights under the First, Fourth, Fifth, Sixth and Fourteenth Amendments of the United States Constitution by making false statements of fact concerning the circumstances surrounding their entry into the Premises.

27. By reason thereof, the individual defendants have violated 42 U.S.C. §1983 and caused plaintiff to suffer emotional and physical injury, mental anguish, embarrassment and humiliation, the loss of her constitutional rights, and costs and expenses necessary to repair and replace the damaged property.

## SECOND CAUSE OF ACTION

28. Plaintiff repeats the allegations contained in paragraphs "1" through "27" above as though stated fully herein.

29. Defendants City of New York and RiverBay were responsible for ensuring that reasonable and appropriate levels of supervision were in place within the NYPD and RiverBay.

30. Defendants had knowledge, or should reasonably have known, that there was inadequate supervision and training within the NYPD's 45th precinct and the law enforcement units operated and supervised by RiverBay on and prior to July 6, 2007, and that NYPD and RiverBay guidelines were ignored and violated by the defendants' employees. Despite their prior notice of inadequate supervision and training, defendants took no steps to ensure that reasonable and appropriate levels of supervision and trainingwere in place therein in order to reasonably provide that NYPD and RiverBay officers, employees, and their agents, engaged in police conduct in a lawful and proper manner, including their use of their authority as

law enforcement officers to enter and search the private residences of the public, including and specifically, the plaintiff herein.

31. The defendants were deliberately indifferent to the risk that the inadequate level of supervision and training would lead to the violation of individuals' constitutional rights in general, and caused the violation of plaintiff's rights in particular.

32. By reason thereof, defendants have violated 42 U.S.C. § 1983 and caused plaintiff to suffer emotional and physical injury, mental anguish, embarrassment and humiliation, the loss of her constitutional rights, and costs and expenses necessary to repair and replace the damaged property.

### THIRD CAUSE OF ACTION

33. Plaintiff repeats the allegations contained in paragraphs "1" through "32" above as though stated fully herein.

34. At all times hereinafter mentioned defendants City of New York and RiverBay, their agents, employees and servants, acted under color of the statutes, customs, ordinances and usage of the City and State of New York.

35. That the defendants City of New York and RiverBay, by their persistent lax supervision and training of its officers and persistent and arbitrary refusal to discipline its officers and to fully and adequately investigate allegations of abuse, neglect, cruelty, and violation of departmental rules and regulations has demonstrated a pattern and practice of abuse of power and deprivation of civil rights by subjecting persons to unlawful and unjustified deprivations of their legal and constitutional rights and remedies.

36. By reason thereof, the individual defendants have violated 42 U.S.C. §1983 and caused plaintiff to suffer emotional and physical injury, mental anguish, embarrassment and humiliation, the loss of her constitutional rights, and costs and expenses necessary to repair and replace the damaged property.

## FOURTH CAUSE OF ACTION

37. Plaintiff repeats the allegations contained in paragraphs "1" through "36" above as though stated fully herein.

38. The defendants, as a result of their unlawful and unjustified entry into the Premises their continued presence therein and searches thereof, as well as their intentional and deliberate communication of false statements of fact concerning plaintiff which they knew to be false at the time they were uttered, are liable to plaintiff for their unlawful entry, trespass at and search of plaintiff's home, slander *per se*, as well as the physical damage done to the Premises.

39. The defendants are further liable to plaintiff for their negligent supervision of NYPD and RiverBay members in general and the members involved in search of the Premises in particular.

40. By reason thereof, the defendants have caused plaintiff to suffer emotional and physical injuries, mental anguish, the loss of her constitutional rights, and costs and expenses necessary to repair and replace the damaged property.

## FIFTH CAUSE OF ACTION

41   Plaintiff repeats the allegations contained in paragraphs "1" through "40" above as though stated fully herein.

42.   The defendants, individually, jointly and severally, and through their agents, servants, employees, and/or associates were responsible for engaging in proper, adequate, necessary and permissible police and law enforcement conduct with respect to any interaction with plaintiff.

43.   The police and law enforcement conduct repeatedly engaged in and rendered to plaintiff by the defendants, individually, jointly and through their agents, servants, employees, and/or associates was careless and negligent and not in accordance with good and accepted police and law enforcement practices and in violation of NYPD and RiverBay policies and procedures and was not otherwise reasonable conduct under the circumstances then and there existing.

44.   As a result of the carelessness and negligence and violation of NYPD and RiverBay procedures and policies by the respective defendants, their agents, servants, employees and/or associates, plaintiff was caused to sustain severe and irreparable personal injury and damage.

45.   By reason thereof, the defendants have caused plaintiff to suffer emotional and physical injury, mental anguish, embarrassment and humiliation, the loss of her constitutional rights, and costs and expenses necessary to repair and replace the damaged property.

## SIXTH CAUSE OF ACTION

46. Plaintiff repeats the allegations contained in paragraphs "1" through "59" above as though stated fully herein.

47. Defendants willfully and intentionally searched plaintiff's Premises without cause, and without a reasonable basis to believe such cause existed, and in so doing, violated, conspired to violate, and aided and abetted in the violation of plaintiff's rights under Article 1, §§11, 12 of the Constitution of the State of New York.

48. Defendants' violation of plaintiff's state constitutional rights was knowingly undertaken with the intent to deny the plaintiff her right to full and equal benefit of the laws on the basis of her race.

49. By reason thereof, defendants have caused plaintiff to be deprived of her state constitutional rights, and to emotional and physical injury, mental anguish, embarrassment and humiliation, and costs and expenses necessary to repair and replace the damaged property.

## DEMAND FOR A JURY TRIAL

Pursuant to Fed. R. Civ. P. 38, Plaintiff hereby demands a jury trial of all issues capable of being determined by a jury.

WHEREFORE, the Plaintiff demands judgment against Defendants jointly and severally as follows:

      on the first cause of action actual and punitive damages in an amount to be determined at trial;

ii. on the second cause of action actual and punitive damages in an amount to be determined at trial;

iii. on the third cause of action actual and punitive damages in an amount to be determined at trial;

      on the fourth cause of action actual and punitive damages in an amount to be determined at trial;

v. on the fifth cause of action actual and punitive damages in an amount to be determined at trial;

vi. on the sixth cause of action actual and punitive damages in an amount to be determined at trial;

vii. statutory attorney's fees pursuant to, *inter alia*, 42 U.S.C. §1988 and New York common law, disbursements, and costs of this action; and

viii. such other relief as the Court deems just and proper.

Dated: Brooklyn, New York
December 18, 2007

                        REIBMAN & WEINER

                        By: _____
                        Michael B. Lumer (ML-1947)
                        Attorneys for Plaintiff
                        26 Court Street, Suite 1005
                        Brooklyn, New York 11242
                        (718) 522-1743