RVB 8008
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
MONIQUE HARRISON,

                      Plaintiff,

    -against-

THE CITY OF NEW YORK, RIVERBAY
CORPORATION, and "JOHN/JANE DOES #1-5"
believed to be members of the NEW YORK CITY
POLICE DEPARTMENT and/or RIVERBAY
CORPORATION ,

                      Defendant.
------------------------------------------------------------------X

ANSWER

Index No.: 07 CIV 11468

ECF Case

      Defendant, RIVERBAY CORPORATION by its attorneys, ARMIENTI, DeBELLIS, GUGLIELMO & RHODEN, LLP, as and for a Verified Answer to the plaintiff's Verified Complaint, herein alleges as follows:

**PARTIES, VENUE and JURISDICTION**

      FIRST:    Denies knowledge or information sufficient to form a belief as to the truth of the allegation contained in Paragraphs "1", "2", "5", "6", "7", "8" and "9" of the Complaint.

      SECOND:    Denies in the form alleged the contents of Paragraphs "3" of the Complaint.

      THIRD:    Denies each and every allegation contained in Paragraphs "4" of the Complaint as to RIVERBAY CORPORATION, and denies knowledge or information sufficient to form a belief as to the truth of the allegations as to co-defendants.

## RELEVANT FACTS

FOURTH:    Denies in the form alleged the contents of Paragraph "10" of the Complaint.

FIFTH:    Denies each and every allegation contained in Paragraphs "11", "14", "15", "16", "17", "18", "19" and "22" of the Complaint as to RIVERBAY CORPORATION, and denies knowledge or information sufficient to form a belief as to the truth of the allegations as to co-defendants.

SIXTH:    Denies each and every allegation contained in Paragraph "12" of the Complaint.

SEVENTH:    Denies knowledge or information sufficient to form a belief as to the truth of the allegation contained in Paragraphs "13", "20" and "21" of the Complaint.

## FIRST CAUSE OF ACTION

EIGHTH:    As to paragraph "23", defendant repeats and reiterates each and every allegation and denial contained in paragraphs "1" to "22", above as though more fully set forth at length herein.

NINTH:    Denies each and every allegation contained in Paragraphs "24", "25", "26" and "27" of the Complaint as to RIVERBAY CORPORATION, and denies knowledge or information sufficient to form a belief as to the truth of the allegations as to co-defendants.

## SECOND CAUSE OF ACTION

TENTH:    As to paragraph "28", defendant repeats and reiterates each and every allegation and denial contained in paragraphs "1" to "27", above as though more fully set forth at

length herein.

ELEVENTH: Denies each and every allegation contained in Paragraphs "29", "30", "31" and "32" of the Complaint as to RIVERBAY CORPORATION, and denies knowledge or information sufficient to form a belief as to the truth of the allegations as to co-defendants.

### THIRD CAUSE OF ACTION

TWELFTH:  As to paragraph "33", defendant repeats and reiterates each and every allegation and denial contained in paragraphs "1" to "32", above as though more fully set forth at length herein.

THIRTEENTH:  Denies each and every allegation contained in Paragraphs "34", "35" and "36" of the Complaint as to RIVERBAY CORPORATION, and denies knowledge or information sufficient to form a belief as to the truth of the allegations as to co-defendants.

### FOURTH CAUSE OF ACTION

FOURTEENTH:  As to paragraph "37", defendant repeats and reiterates each and every allegation and denial contained in paragraphs "1" to "36", above as though more fully set forth at length herein.

FIFTEENTH: Denies each and every allegation contained in Paragraphs "38", "39" and "40" of the Complaint as to RIVERBAY CORPORATION, and denies knowledge or information sufficient to form a belief as to the truth of the allegations as to co-defendants.

### FIFTH CAUSE OF ACTION

SIXTEENTH: As to paragraph "41", defendant repeats and reiterates each and every allegation and denial contained in paragraphs "1" to "40", above as though more fully set forth at

length herein.

SEVENTEENTH: Denies each and every allegation contained in Paragraphs "42", "43", "44" and "45" of the Complaint as to RIVERBAY CORPORATION, and denies knowledge or information sufficient to form a belief as to the truth of the allegations as to co-defendants.

### SIXTH CAUSE OF ACTION

EIGHTEENTH: As to paragraph "46", defendant repeats and reiterates each and every allegation and denial contained in paragraphs "1" to "45", above as though more fully set forth at length herein.

NINETEENTH: Denies each and every allegation contained in Paragraphs "47", "48" and "49" of the Complaint as to RIVERBAY CORPORATION, and denies knowledge or information sufficient to form a belief as to the truth of the allegations as to co-defendants.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

TWENTIETH: That the culpable conduct of the plaintiff including comparative negligence and assumption of risk, caused, in whole or in part, the damages claimed herein, and pursuant to CPLR Rule 1411, said damages should be diminished in the proportion which the culpable conduct attributable to the plaintiff bears to the culpable conduct which caused said damages.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

TWENTY-FIRST: The complaint herein fails to state a cause of action upon which relief may be granted, and is thus fatally defective.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

TWENTY-SECOND: The Court lacks jurisdiction over the person of the answering Defendant as Plaintiff has/have failed to properly serve Defendant with the Summons in this matter.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

TWENTY-THIRD:   If, at the time of trial, any of the issues herein have finally been determined wholly or partially against the Plaintiff by a tribunal, forum or court, all of competent jurisdiction, then in that event, the Plaintiff will be estopped from relitigating such issue or issues.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

TWENTY-FOURTH: If any liability is found against the answering Defendant, then said liability will constitute 50% or less of the total liability assigned to all persons liable, and as such, the liability of this answering Defendant to Plaintiff and/or defendants, third-party plaintiffs, for non-economic loss shall be limited and shall not exceed this answering defendants' equitable share, as provided in Article 16 of the CPLR.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

TWENTY-FIFTH:    Plaintiff could have avoided the injuries and damages alleged herein.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

TWENTY-SIXTH:    Plaintiff failed to take any or sufficient action, or such action as was necessary, to mitigate or minimize the injuries and damages alleged or the conditions that allegedly gave rise to those purported injuries or damages.

### AS AND FOR A EIGHTH AFFIRMATIVE DEFENSE

TWENTY-SEVENTH:       That in the event of any judgment or verdict on behalf of the

plaintiff, the defendant is entitled to a set-off or verdict with respect to the amounts of any payments made to the plaintiff for medical and other expenses prior thereto.

### AS AND FOR A CROSS-CLAIM AGAINST THE CITY OF NEW YORK AND "JOHN/JANE DOES #1-5" believed to be members of the NEW YORK CITY POLICE DEPARTMENT

TWENTY-EIGHTH: That although RIVERBAY CORPORATION has denied the allegation of plaintiffs with respect to any wrongdoing on the part of said defendant, nevertheless, in the event that there is a verdict or judgment in favor of the plaintiff as against RIVERBAY CORPORATION then, and in that event, said defendant demands judgment over and against co-defendants, by reason of their wrongful conduct being primary and/or active while any wrongdoing of RIVERBAY CORPORATION, if any, was secondary and/or passive and the indemnity is to be full and complete.

WHEREFORE, defendant, RIVERBAY CORPORATION, demands:

1. Judgment dismissing the Complaint;

2. In the event that the Complaint is not dismissed, then full indemnity with respect to the cross-claim;

3. In the event that full indemnity is not granted, then contribution pursuant to the cross-claim in accordance with degrees of wrongdoing;

4. Together with the costs and disbursements of this action.

Dated: New York, New York
       February 15, 2008

       /s/
_____
MICHAEL ARMIENTI (MA9401)

ARMIENTI, DeBELLIS,
GUGLIELMO & RHODEN, LLP
Attorneys for Defendant
RIVERBAY CORPORATION
44 Wall Street, 18th Floor
New York, New York  10005-2401
(212) 809-7074

TO:    Reibman & Weiner
         Attorneys for Plaintiff
         26 Court Street-Suite 1005
         Brooklyn, New York 11242
         (718) 522-1743

         City of New York
         100 Church Street-4th Floor
         New York, New York 10007

ATTORNEY VERIFICATION

STATE OF NEW YORK )
) ss.:
COUNTY OF NEW YORK )

The undersigned, an attorney admitted to practice in the Courts of the State of New York, shows:

Deponent, is MICHAEL ARMIENTI of ARMIENTI, DeBELLIS, GUGLIELMO & RHODEN, LLP, the attorneys of record for RIVERBAY CORPORATION, Defendant in the within action. Deponent has read the foregoing ANSWER and contents thereof. The same is true to deponent's own knowledge, except as to the matters herein stated to be alleged on information and belief; and as to those matters deponent believes them to be true. This verification is made by deponent and not by said Defendant because the Defendant, upon information and belief:

[ ] is a governmental agency, pursuant to CPLR Section 3020(d)(2).
[ ] is a foreign corporation or
[X] is a corporation, none of whose offices are within the county where your deponent maintains their office.
[ ] is a partnership, none of the partners being in the county where your deponent maintains their office.
[ ] is an individual not residing in the county where your deponent maintained their office.

The undersigned affirms that the foregoing statements are true, under the penalties of perjury.

Dated: New York, New York
February 15, 2008

_____/s/_____
MICHAEL ARMIENTI

**AFFIDAVIT OF SERVICE BY MAIL**

STATE OF NEW YORK           )
                            ) ss:
COUNTY OF NEW YORK          )

**WAKIEM FREEMAN,** being duly sworn, deposes and says:

That deponent is not a party to this action, is over the age of 18 years and resides in Brooklyn, New York.

That on the ____ day of February, 2008, deponent served by mail the within: ANSWER UPON:

Reibman & Weiner
Attorneys for Plaintiff
26 Court Street-Suite 1005
 Brooklyn, New York 11242
(718) 522-1743

City of New York
100 Church Street-4th Floor
New York, New York 10007

which addresses is/are designated by said attorney(s) for purpose, by depositing a true copy thereof, enclosed in a postpaid, properly addressed wrapper in an official depository under the exclusive care and custody of the United States Post Office Department of the State of New York.

                                                       _____
                                                       **WAKIEM FREEMAN**

Sworn to before me this
      day of February, 2008


_____

RVB 8008

**INDEX NO.: 07 CIV 11468**

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**

---

**MONIQUE HARRISON,**

*Plaintiff,*

-*against*-

**THE CITY OF NEW YORK, RIVERBAY CORPORATION,** and **"JOHN/JANE DOES #1-5"** believed to be members of the **NEW YORK CITY POLICE DEPARTMENT and/or RIVERBAY CORPORATION,**

*Defendants.*

---

**ANSWER**

---

**ARMIENTI, DeBELLIS, GUGLIELMO & RHODEN, LLP**
*Attorneys for Defendant*
**RIVERBAY CORPORATION**
Office & P.O. Address
44 Wall Street, 18th Floor
New York, New York  10005-2401
(212) 809-7074