UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x

MONIQUE HARRISON,

                                          Plaintiff,

-against-

THE CITY OF NEW YORK, RIVERBAY
CORPORATION, and "JOHN/JANE DOES #1-5"
believed to be members of the NEW YORK CITY
POLICE DEPARTMENT and/or RIVERBAY
CORPORATION,

                                          Defendants.

**ANSWER TO COMPLAINT
ON BEHALF OF CITY OF
NEW YORK**

07 CV 11468 (LBS)

Jury Trial Demanded

------------------------------------------------------------------ x

       Defendant, The City of New York, by its attorney, Michael A. Cardozo, Corporation Counsel of the City of New York, for its answer to the complaint, respectfully alleges, upon information and belief, as follows:

       1.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "1" of the complaint.

       2.     Denies the allegations set forth in paragraph "2" of the complaint, except admits that the City of New York is a municipal corporation and the City of New York maintains a police department.

       3.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "3" of the complaint.

       4.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "4" of the complaint concerning unidentified officers.

       5.     Denies the allegations set forth in paragraph "5" of the complaint, except admits that plaintiff purports to invoke the Court's jurisdiction as stated therein.

6. Denies the allegations set forth in paragraph "6" of the complaint, except admits that plaintiff purports to base venue as stated therein.

7. Denies the allegations set forth in paragraph "7" of the complaint, except admits that a document purporting to be a Notice of Claim was received by the Office of the Comptroller on or about September 28, 2007.

8. Denies the allegations set forth in paragraph "8" of the complaint, except admits that no settlement has been reached.

9. Denies the allegations set forth in paragraph "8" of the complaint, except admits that the complaint in this matter appears to have been filed with the United States District Court, Southern District of New York on or about December 21, 2007.

10. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "10" of the complaint.

11. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "11" of the complaint.

12. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "12" of the complaint.

13. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "13" of the complaint.

14. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "14" of the complaint.

15. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "15" of the complaint.

16. Denies the allegations set forth in paragraph "16" of the complaint, except denies knowledge or information sufficient to form a belief as to the truth of the allegations set concerning unidentified officers.

17. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "17" of the complaint.

18. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "18" of the complaint.

19. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "19" of the complaint.

20. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "20" of the complaint.

21. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "21" of the complaint.

22. The allegations set forth in paragraph "22" of the complaint constitute conclusions of law rather than averments of fact, and accordingly, no response is required.

23. In response to the allegations set forth in paragraph "23" of the complaint, defendant repeats and re-alleges the responses set forth in the preceding paragraphs of this answer as if fully set forth herein.

24. Denies the allegations set forth in paragraph "24" of the complaint.

25. Denies the allegations set forth in paragraph "25" of the complaint.

26. Denies the allegations set forth in paragraph "26" of the complaint.

27. Denies the allegations set forth in paragraph "27" of the complaint.

28. In response to the allegations set forth in paragraph "28" of the complaint, defendant repeats and re-alleges the responses set forth in the preceding paragraphs of this answer as if fully set forth herein.

29. The allegations set forth in paragraph "29" of the complaint, constitute conclusions of law rather than averments of fact, and accordingly, no response is required, except denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning defendant RiverBay.

30. Denies the allegations set forth in paragraph "30" of the complaint, except denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning defendant RiverBay.

31. Denies the allegations set forth in paragraph "31" of the complaint.

32. Denies the allegations set forth in paragraph "32" of the complaint.

33. In response to the allegations set forth in paragraph "33" of the complaint, defendant repeats and re-alleges the responses set forth in the preceding paragraphs of this answer as if fully set forth herein.

34. The allegations set forth in paragraph "34" of the complaint constitute conclusions of law rather than averments of fact, and accordingly, no response is required.

35. Denies the allegations set forth in paragraph "35" of the complaint, except denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning defendant RiverBay.

36. Denies the allegations set forth in paragraph "36" of the complaint.

37. In response to the allegations set forth in paragraph "37" of the complaint, defendant repeats and re-alleges the responses set forth in the preceding paragraphs of this answer as if fully set forth herein.

38. Denies the allegations set forth in paragraph "38" of the complaint.

39. Denies the allegations set forth in paragraph "39" of the complaint, except denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning defendant RiverBay.

40. Denies the allegations set forth in paragraph "40" of the complaint.

41. In response to the allegations set forth in paragraph "41" of the complaint, defendant repeats and re-alleges the responses set forth in the preceding paragraphs of this answer as if fully set forth herein.

42. Denies the allegations set forth in paragraph "42" of the complaint.

43. Denies the allegations set forth in paragraph "43" of the complaint, except denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning defendant RiverBay.

44. Denies the allegations set forth in paragraph "44" of the complaint, except denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning defendant RiverBay.

45. Denies the allegations set forth in paragraph "45" of the complaint.

46. In response to the allegations set forth in paragraph "46" of the complaint, defendant repeats and re-alleges the responses set forth in preceding paragraphs of this answer as if fully set forth herein.

47. Denies the allegations set forth in paragraph "47" of the complaint.

48. Denies the allegations set forth in paragraph "48" of the complaint.

49. Denies the allegations set forth in paragraph "49" of the complaint.

**AS AND FOR A FIRST AFFIRMATIVE DEFENSE:**

50. The complaint fails to state a claim upon which relief can be granted.

**AS AND FOR A SECOND AFFIRMATIVE DEFENSE:**

51. Defendant City of New York has not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof, nor has The City of New York violated any Act of Congress providing for the protection of civil rights.

**AS AND FOR A THIRD AFFIRMATIVE DEFENSE:**

52. Any injury alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct and/or the conduct of intervening third parties and was not the proximate result of any act of the Defendant City of New York.

**AS AND FOR A FOURTH AFFIRMATIVE DEFENSE:**

53. At all times relevant to the acts alleged in the complaint, Defendant City of New York an its agents and officials acted reasonably in the proper and lawful exercise of their discretion. Therefore, Defendant City of New York is entitled to governmental immunity from liability.

**AS AND FOR A FIFTH AFFIRMATIVE DEFENSE:**

54. Punitive damages cannot be recovered from Defendant City of New York.

**AS AND FOR AN SIXTH AFFIRMATIVE DEFENSE:**

55. Plaintiff's claims may be barred in whole or in part by the applicable limitations period.

**AS AND FOR AN SEVENTH AFFIRMATIVE DEFENSE:**

56.   Plaintiff may not have complied with the conditions precedent to suit.

**AS AND FOR A EIGHTH AFFIRMATIVE DEFENSE:**

57.   Plaintiff's claims may be barred in whole or in part by the doctrines of *res judicata* and/or collateral estoppel and/or the Rooker-Feldman doctrine.

**AS AND FOR A NINTH AFFIRMATIVE DEFENSE:**

58.   To the extent applicable, there was probable cause to enter and/or search plaintiff's home.

**WHEREFORE,** Defendant City of New York requests judgment dismissing the complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated:  New York, New York
        April 8, 2008

                                        MICHAEL A. CARDOZO
                                        Corporation Counsel
                                        of the City of New York
                                        Attorney for Defendant City of New York
                                        100 Church Street, Room 6-307
                                        New York, New York 10007
                                        (212) 788-6405

                                   By:  *[signature]*
                                        Meghan A. Cavalieri (MC 6758)
                                        Assistant Corporation Counsel
                                        Special Federal Litigation Division

To:  <u>VIA ECF</u>
     Michael Lumer, Esq.
     Reibman & Weiner
     Attorneys for Plaintiffs
     26 Court St., Suite 1005
     Brooklyn, NY 11242

cc:   Michael Armienti, Esq.
      Armienti, DeBellis,
      Guglielmo & Rhoden, LLP
      Attorneys for Defendant Riverbay
      44 Wall St., 18th Floor
      New York, NY 10005

08 CV 11468 (LBS)

| UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF NEW YORK |
|---|
| Monique Harrison,<br><br>            Plaintiff,<br><br>      -against-<br><br>THE CITY OF NEW YORK, RIVERBAY CORPORATION, and "JOHN/JANE DOES #1-5" believed to be members of the NEW YORK CITY POLICE DEPARTMENT and/or RIVERBAY CORPORATION,<br><br>            Defendants. |
| **ANSWER TO COMPLAINT ON BEHALF OF THE CITY OF NEW YORK** |
| *MICHAEL A. CARDOZO*<br>*Corporation Counsel of the City of New York*<br>*Attorney for Defendant The City of New York*<br>*100 Church Street*<br>*New York, New York  10007*<br><br>*Of Counsel:  Meghan A. Cavalieri*<br>*Tel:  (212) 788-6405* |
| *Due and timely service is hereby admitted.*<br><br>*New York, N.Y. ............................................, 2008*<br><br>*............................................................... Esq.*<br><br>*Attorney for..................................................* |